**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| KEN KALINOSKI, TRUSTEE OF THE 4646 ROCKCLIFF ROAD LAND TRUST, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 1:16-cv-422 |
| CHICAGO TITLE INSURANCE CO., | § § | |
| *Defendant.* | § § | |

---

**DEFENDANT CHICAGO TITLE INSURANCE CO.'S
NOTICE OF REMOVAL OF CIVIL ACTION**

---

Defendant Chicago Title Insurance Co. ("Chicago Title") hereby files this Notice of Removal of Civil Action under 28 U.S.C. §1446(a), and in support thereof, alleges as follows:

### THE STATE COURT ACTION

1.      On March 2, 2016, Chicago Title was served with an original petition filed by Plaintiff Ken Kalinoski, Trustee of the 4646 Rockcliff Road Land Trust ("Kalinoski") in the 201st District Court of Texas, Travis County, Cause No. D-1-GN-16-000854.  Kalinoski alleges that Chicago Title has failed to adhere to its obligations under the title policy it issued to Kalinoski in connection with his purchase of real property located at 4646 Rockcliff Road, Austin, Texas, 78746.  Kalinoski asserted causes of action for breach of contract and violations of the Texas Insurance Code.  On March 28, 2016, Chicago Title filed its answer denying Kalinoski's allegations.

2.     Chicago Title files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

3.     Removal is proper in this case pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

4.     Kalinoski is an individual domiciled in Texas.

5.     Chicago Title is a Florida corporation with its principal place of business in Jacksonville, Florida.

6.     Kalinoski expressly pled that the amount in controversy is $100,000.[1]

7.     Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

8.     Chicago Title will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

9.     Kalinoski did not demand a jury in the state-court suit.

10.    Attached to this Notice of Removal of Civil Action are the following:

Exhibit A:    Index of Documents Filed in State Court

Exhibit A-1:  Civil Case Information Sheet

Exhibit A-2:  Plaintiff's Original Petition

Exhibit A-3:  Citation Issued to Chicago Title Insurance Company

Exhibit A-4:  Return of Service of Citation

---

[1]  *See* Ex. A-2, Pl.'s Orig. Pet. 1.

Exhibit A-5: Defendant's Original Answer and Counterclaim

Exhibit A-6: State Court's Docket Sheet

<u>**CONCLUSION**</u>

Because complete diversity exists and the amount in controversy exceeds $75,000, Chicago Title hereby removes this suit to the United States District Court, Western District of Texas, Austin Division.

Respectfully submitted,

**IRELAN MCDANIEL PLLC**

By: */s/ Jeremy T. Brown*
    Bradford W. Irelan
    State Bar No. 10411550
    Jeremy T. Brown
    State Bar No. 24055221

10440 N. Central Expressway
Suite 800
Dallas, TX 75231
Telephone: (214) 237-2996
Facsimile: (214) 237-2997
birelan@IMTexaslaw.com
jbrown@imtexaslaw.com

**ATTORNEYS FOR DEFENDANT
CHICAGO TITLE INSURANCE CO.**

## CERTIFICATE OF SERVICE

On April 1, 2016, I electronically submitted the foregoing document to the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court, and served copies of all documents via the method indicated below.

*__Via E-mail__*
Molly Mitchell
Almanza, Blackburn, Dickie & Mitchell, LLP
2301 S. Capital of Texas Highway
Building H
Austin, Texas 78746
mollym@abdlawfirm.com

*Attorneys for Plaintiff Ken Kalinoski,*
*Trustee of the 4646 Rockcliff Road*
*Land Trust*

*/s/ Jeremy T. Brown*
Jeremy T. Brown

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| KEN KALINOSKI, TRUSTEE OF THE 4646 ROCKCLIFF ROAD LAND TRUST, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. _____ |
| CHICAGO TITLE INSURANCE CO., | § § | |
| *Defendant.* | § § | |

---

**INDEX OF DOCUMENTS FILED IN STATE COURT**

---

| | | |
|---|---|---|
| Ex. A-1 | 02/26/16 | Plaintiff's Civil Case Information Sheet |
| Ex. A-2 | 02/26/16 | Plaintiff's Original Petition |
| Ex. A-3 | 02/26/16 | Citation Issued to Defendant |
| Ex. A-4 | 03-02-16 | Return of Service |
| Ex. A-5 | 03-28-16 | Defendant's Original Answer and Counterclaim |
| Ex. A-6 | 03-28-16 | Docket Sheet |

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED **KEN KALINOSKI, TRUSTEE OF THE 4646 ROCKCLIFF ROAD LAND TRUST V. CHICAGO TITLE INSURANCE CO.**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Molly Mitchell <br> Email: mollym@abdlawfirm.com | Plaintiff(s)/Petitioner(s): <br><br> KEN KALINOSKI, TRUSTEE OF THE 4646 ROCKCLIFF ROAD LAND TRUST | ☒ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| Address: 2301 S. Capital of TX Hwy, Bldg H <br> Telephone: (512) 474-9486 | | Additional Parties in Child Support Case: |
| City/State/Zip: Austin, TX  78746 <br> Fax: (512) 478-7151 | | Custodial Parent: |
| Signature: <br> /s/ Molly Mitchell <br> State Bar No: 14217815 | Defendant(s)/Respondent(s): <br><br> CHICAGO TITLE INSURANCE CO. | Non-Custodial Parent: <br><br> Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☒ Other Contract: <br> Breach of Contract | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: <br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: _____ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br> **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: _____ | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Paternity/Parentage <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☒ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☒ Other: Violations of TX Ins. Code | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought** *(do no select if it is a family law case):*
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees
- ☐ Less than $100,000 and non-monetary relief
- ☒ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

6

2/26/2016 5:50:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-000854
Patricia Winkler

NO. <u>D-1-GN-16-000854</u>

| | | |
|---|---|---|
| KEN KALINOSKI, TRUSTEE OF THE | § | |
| 4646 ROCKCLIFF ROAD LAND | § | IN THE DISTRICT COURT |
| TRUST, | § | |
| **Plaintiff** | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| CHICAGO TITLE INSURANCE CO., | § | 201ST |
| **Defendant.** | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Ken Kalinoski, as Trustee of the 4646 Rockcliff Road Land Trust, ("Plaintiff") complaining of Defendant Chicago Title Insurance Company (hereinafter referred to as "Defendant"), and would show unto the Court the following:

### I.
### DISCOVERY CONTROL ACTION PLAN

1.      Plaintiff intends that discovery be conducted pursuant to Level 2 of the Texas Rules of Civil Procedure.  The amount in controversy in this case exceeds $100,000.00.

### II.
### PARTIES AND SERVICE

2.      Plaintiff Ken Kalinoski, Trustee of the 4646 Rockcliff Road Land Trust is an individual residing in Travis County, Texas and the Trust is a family trust whose address is 4646 Rockcliff Road in Austin, Texas, 78746.

3.      Defendant is a domestic title insurance company which does business in Travis County, Texas, and may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1

## III.
## VENUE AND JURISDICTION

4.      Venue is proper in Travis County, Texas pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to Plaintiff's causes of action occurred in Travis County, Texas, and further the real property at issue is located in Travis County.

5.      This Court has proper jurisdiction because the subject matter in controversy is within the jurisdictional limits of this Court and all parties are residents of the State of Texas.

## IV.
## FACTS

6.      In 2013 the Plaintiff purchased 4646 Rockcliff Road, Austin, Texas 78746, which includes a portion of Lot 11, Windy Cove subdivision ("Property"). Defendant closed the sale transaction, in connection with which it sold Plaintiff an Owner's Policy of Title Insurance, Policy #7239843-4110548 (the "Policy"). Pursuant to the terms of the Policy, Defendant insured Plaintiff's title to the Property.

7.      In 2015, Jay and Eleanor Powell, owners of the property directly adjacent to the Property, filed suit against the Plaintiff in Travis County District Court, Cause No. D-1-GN-002967 (hereinafter referred to as the "Underlying Litigation") claiming that they own a portion of the Property, and that the Plaintiff's fence and other boundary markers were incorrect and were in fact located on the Powells' property. The Powells' claims are without merit, but are creating a title cloud on the Property.

8.      Plaintiff properly and promptly notified the Defendant of the Underlying Litigation, filed a claim under the Policy, and requested that the Defendant fulfill its obligations under the Policy to assume the defense of Plaintiff in the Underlying Litigation.

2

9.      Initially, Defendant agreed to defend only the "boundary line dispute" concerning the accuracy of Plaintiff's survey, and then hired counsel to represent Plaintiff's interest.   Defendant then imposed upon the counsel it retained such severe restrictions that they were not able to properly move the case forward, and Plaintiff was required to retain separate counsel to represent it.   Finally, after several demands made upon Defendant, the lawyers hired by Defendant were allowed to notice the Powells for deposition.   Shortly after the depositions were requested and the dates circulated, Defendant summarily decided that the boundary line claim was no longer a live claim, that it had no duty to cover the remaining claims asserted and so ordered the retained counsel to withdraw.

10.      Defendant has now officially refused to participate in the Plaintiff's defense of the Underlying Litigation in any manner, leaving Plaintiff to fund its own defense of what it believes to be groundless challenges to its Property.   As a result of the Defendant's deliberate and improper actions, Plaintiff has suffered and continues to suffer monetary damages.

## V.
## BREACH OF CONTRACT

11.      Defendant and Plaintiff are parties to a title insurance contract, which sets forth the obligations of Defendant to provide a defense to Plaintiff in the event of a challenge to its title. Plaintiff has performed all actions required of it under the Policy.  Defendant has breached its duties under the Policy, including its duty to defend; such breach has resulted in Plaintiff's damages, including but not limited to, actual damages, costs, pre-judgment interest, post-judgment interest, and attorney fees.

3

**VII.**
**VIOLATIONS OF TEXAS INSURANCE CODE**
**CHAPTER 541/BAD FAITH CLAIMS HANDLING**

12.     Upon receiving notice of the Underlying Litigation, coverage for one or more of the claims asserted in the Underlying Litigation had become reasonably clear.   Despite its clear obligations to the contrary and without any reasonable basis, Defendant has denied coverage of Plaintiff's claim.  As detailed above, Defendant knowingly engaged in unfair acts and practices that include but are not limited to, violating Chapter 541 of the Texas Insurance Code, including 541.060.

 As a direct consequence of Defendant's actions, Plaintiff suffered actual damages.  Additionally, Plaintiff seeks exemplary damages and statutory damages,   pre-judgment interest, post-judgment interest, court costs, and attorney fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff against Defendant for actual, statutory and punitive damages in an amount within the jurisdictional limits of the Court as pled herein, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate, attorneys fees, costs of court and such other and further relief to which Plaintiff may be entitled at law or in equity.

4

Respectfully submitted,

Molly Mitchell
State Bar No. 14217815
mollym@abdmlaw.com
ALMANZA, BLACKBURN, DICKIE & MITCHELL, LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, Texas 78746
(512) 474-9486
(512) 478-7151 – Fax

**ATTORNEYS FOR PLAINTIFF**

5

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-000854**

KEN KALINOSKI, TRUSTEE OF THE 4646 ROCKCLIFF ROAD LAND TRUST

, Plaintiff

vs.

CHICAGO TITLE INSURANCE CO.

, Defendant

**Filed in The District Court
of Travis County, Texas**

TO:   CHICAGO TITLE INSURANCE COMPANY
BY SERVING THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS, TEXAS 75201-3136

MAR 1 4 2016

At _____3:00_____ ₚ M.
Velva L. Price, District Clerk

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered
cause, which was filed on FEBRUARY 26, 2016 in the 201ST JUDICIAL DISTRICT COURT of Travis County,
Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, February 29, 2016.

REQUESTED BY:
MOLLY JEAN MITCHELL
2301 S CAPITAL OF TEXAS HWY BLDG H
AUSTIN, TX 78746-7700
BUSINESS PHONE:(512)474-9486  FAX:(512)478-7151

Velva L. Price
**Travis County District Clerk
Travis County Courthouse**
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: WINKLER PATRICIA

004485514

-- - - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the ___1___ day of __March__ , __2016__ at _3:09_ o'clock _P_ M., and

executed at _____ within the County of _____

_____ on the _____ day of _____ , _____ at _____ o'clock ___M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION**

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____ , _____ .

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-16-000854

SERVICE FEE NOT PAID

P01 - 000038128

▢  Original      ▢  Service Copy

7

## CAUSE NO. D-1-GN-16-000854

### RETURN

Came to my hand on **3/1/2016 @ 3:09PM**, the following specified documents:

Citation
Plaintiff's Original Petition

and executed by me on: **3/2/2016 @ 11:10AM**, at:

**1999 Bryan Street, Suite 900, Dallas, Texas 75201** within the county of **Dallas**, by delivering **Chicago Title Insurance Company,** by delivering to, **its Registered Agent, CT Corporation System,** in person, by delivering to **Terri Tongsavat, employee/managing agent** a true copy of the above specified documents, having first endorsed on such copy the date of delivery.

I am over the age of 18; and I am not a party to or interested in the outcome of the above styled and numbered suit; and I declare under penalty of perjury that the above statements and facts are true and correct.

Amado Santiago  SCH 10256
Expiration Date:  4/30/2016
ASSURED CIVIL PROCESS AGENCY
5926 Balcones Drive, # 290, Austin, TX 78731

**STATE OF TEXAS }**

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge to be true and correct.  Given under my hand and seal of office on this the **March 3, 2016.**

NOTARY PUBLIC

KEITH STALCUP
MY COMMISSION EXPIRES
August 11, 2019

8

3/28/2016 9:28:52 AM
**Velva L. Price
District Clerk
Travis County
D-1-GN-16-000854
Kirby Hernandez**

## CAUSE NO. D-1-GN-16-000854

| | | |
|---|---|---|
| KEN KALINOSKI, TRUSTEE OF | § | IN THE DISTRICT COURT |
| THE 4646 ROCKCLIFF ROAD | § | |
| LAND TRUST, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | 201ST JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | |
| CHICAGO TITLE INSURANCE CO. | § | |
| | § | |
| *Defendant.* | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT CHICAGO TITLE INSURANCE CO.'S ORIGINAL ANSWER AND COUNTERCLAIM

Defendant Chicago Title Insurance Co. ("Chicago Title") hereby files this its Original Answer to Plaintiff's Original Petition (the "Petition") and its Original Counterclaim alleging as follows:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Chicago Title denies generally the material allegations of the Petition.

### AFFIRMATIVE DEFENSES

Without in any way assuming the burden of proof on an issue that Plaintiff Ken Kalinoski, as trustee for The 4646 Rockcliff Road Land Trust ("Kalinoski") would otherwise bear, Chicago Title asserts the following by way of affirmative defense:

2.     Kalinoski's claims, are barred, in whole or in part, because there is no covered claim in the Underlying Lawsuit (as described in ¶ 9 below) and therefore Chicago Title has no duty to defend.

## ORIGINAL COUNTERCLAIM

3.     Chicago Title hereby asserts the following by way of Original Counterclaim against Kalinoski and in support thereof, alleges as follows:

## STATEMENT OF RELIEF

4.     Pursuant to Tex. R. Civ. P. 47, Chicago Title seeks only non-monetary relief, other than its reasonable and necessary attorneys' fees as the Court deems just pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

## PARTIES

5.     All parties have appeared in this case through counsel and may be served through their respective counsel of record.

## FACTUAL BACKGROUND

6.     The plat to Windy Cove, a subdivision in Travis County, Texas, was recorded in the Plat Records of Travis County in Book 28, Page 41 on March 22, 1966. On November 2, 1966, EE Naumann conveyed Lot 12 and a part of Lot 11, comprising of .14 acres, in Windy Cove to DL Landrum and Monroe Vivion in a Warranty Deed recorded in Book 3249, Page 1410 in the Deed Records of Travis County, Texas.  The part of Lot 11 conveyed in the November 2, 1966 conveyance is identified by a metes and bounds description (the ".14 Acre Tract").  By a series of conveyances, Kalinoski acquired title to Lots 12-15, the .14 Acre Tract in Windy Cove, and a separate .85 acre tract of land.  In connection with this acquisition, Kalinoski obtained an owner's

policy of title insurance underwritten by Chicago Title (the "Policy").[1]  In connection with the issuance of the Policy, a representative of Kalinoski's trust executed a "Closing Verification and Agreement," whereby the Insured "waives any obligation of TITLE COMPANY to inspect the Property.  [INSURED] agrees to accept an Owner Policy containing the following Schedule "B" exception: 'RIGHTS OF PARTIES IN POSSESSION.'"  The issued Policy did, indeed, include this exception.  Because Kalinoski waived any obligation of the title company to inspect the Property, it agreed that any losses arising out of the rights of parties in possession of the .14 Acre Tract were excepted from the Policy.

7.     After Kalinoski acquired these properties, an attorney representing Jay and Eleanor Powell, wrote to Kalinoski on May 2, 2014, stating that the Powells claimed ownership to the .14 Acre Tract.  Specifically, the Powells claimed that since 1972, they "actually and visibly appropriated, and have ever since continued to own, claim, use, improve and occupy, under a claim of right that has been inconsistent with, and hostile to, the claims of all others."  They also claimed to have constructed improvements onto the .14 Acre Tract such as a fence, a wooden deck, and landscaping.  They further stated that Kalinoski had trespassed onto their property and had violated restrictive covenants in the Kalinoski's chain of title.

8.     After receiving this letter, Kalinoski submitted a claim to Chicago Title.  After reviewing the claim, Chicago Title denied the claim as premature because the Powells had not taken any formal action asserting its ownership to the .14 Tract.

---

[1]     A true and correct copy of the Policy is attached hereto as Exhibit A.

Chicago Title requested that Kalinoski notify it if the Powells subsequently filed a lawsuit asserting this ownership interest.

9.      On July 24, 2015, the Powells did indeed file suit styled as *Jay Powell and Eleanor Powell v. 4646 Rockcliff Road Land Trust, Kenneth A. Kalinoski, and Jean M. Kalinoski*, Cause No. D-1-GN-15-002967, in the 419th District Court of Travis County, Texas (the "Underlying Lawsuit").[2]  In the Powells' Original Petition, the Powells alleged they had acquired ownership of the .14 Acre Tract by adverse possession because they continuously and exclusively have been using the property since 1971.  They also alleged that Kalinoski had violated restricted covenants in relation to the .14 Acre Tract.  They alleged causes of action for trespass to try title, a declaratory judgment seeking to determine the proper boundary, private nuisance, and requested injunctive relief.

10.     Kalinoski forwarded the Original Petition to Chicago Title and requested a defense of the lawsuit.  Chicago Title responded on August 3, 2015, to his request.  It denied defense of the trespass to try title claim based on the "rights of parties in possession" exception to the Policy.  It denied any defense to the private nuisance and suit for injunctive relief because these claims and requested remedy were based on tortious actions, not a title defect insured by the Policy, and they were created after the issuance of the Policy.  Chicago Title accepted the tender of defense with respect to the boundary suit and retained counsel to provide that defense.

---

[2]      A true and correct copy of the Original Petition in the Underlying Lawsuit is attached hereto as Exhibit B and incorporated herein by reference.

11.    On December 1, 2015, however, the Powells amended their petition to withdraw the request for declaratory judgment as to the property boundary.  With no potentially covered claim remaining in the case, Chicago Title subsequently withdrew its defense in the Underlying Lawsuit.  Kalinoski responded by filing this lawsuit.

<u>CAUSES OF ACTION</u>

**Count 1 -- Claim for Declaratory Relief**

12.    Chicago Title incorporates by reference the foregoing allegations as though they were fully restated here.

13.    Chicago Title requests a declaratory judgment that it is not obligated to continue to provide any defense to Kalinoski in the Underlying Lawsuit and has no indemnification obligations in relation to the Underlying Lawsuit.  Chicago Title requests an award of its reasonable and necessary attorneys' fees as the Court deems equitable and just pursuant to Texas Civil Practice & Remedies Code § 37.009.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Chicago Title prays that the Court enter judgment that Plaintiff Ken Kalinoski as trustee of the 4646 Rockcliff Road Land Trust, take nothing by reason of his suit, and render judgment in favor of Chicago Title on its request for a declaratory judgment as set forth above, and that the Court award Chicago Title its costs, reasonable and necessary attorneys' fees, and such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**IRELAN MCDANIEL PLLC**

By: */s/ Jeremy T. Brown*
    Bradford W. Irelan
    State Bar No. 10411550
    Jeremy T. Brown
    State Bar No. 24055221

10440 N. Central Expressway
Suite 800
Dallas, TX 75231
Telephone: (214) 237-2996
Facsimile: (214) 237-2997
birelan@IMTexaslaw.com
jbrown@IMTexaslaw.com

**ATTORNEYS FOR DEFENDANT
CHICAGO TITLE INSURANCE CO.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure via the method noted below on this the 28th day of March, 2016.

*Via E-Service*
Molly Mitchell
Almanza, Blackburn, Dickie & Mitchell, LLP
2301 S. Capital of Texas Highway
Building H
Austin, Texas 78746

*Attorneys for Plaintiff Ken Kalinoski,
Trustee of the 4646 Rockcliff Road
Land Trust*

                    */s/ Jeremy T. Brown*
                    Jeremy T. Brown

TLTA T1 OWNER'S POLICY (Rev. 2/1/10)

# OWNER'S POLICY OF TITLE INSURANCE
Issued by
## *Chicago Title Insurance Company*
### SCHEDULE A

Name and Address of Title Insurance Company:
**CHICAGO TITLE INSURANCE COMPANY**
**Attn: Claims Department**
**P.O. Box 45023, Jacksonville, FL 32232-5023**

File No.: **1317811-CES**                                   Policy No.: **7239843-41105548**

Address for Reference only: **4646 Rockcliff Road, Austin, TX 78746**

Amount of Insurance: **$1,700,000.00**                       Premium: **$10,410.95**

Date of Policy: **September 5, 2013**

1.  Name of Insured:   **4646 Rockcliff Road Land Trust**

2.  The estate or interest in the Land that is insured by this policy is:  **Fee Simple**

3.  Title is insured as vested in:  **4646 Rockcliff Road Land Trust**

4.  The Land referred to in this policy is described as follows:

   **TRACT 1: Being Lots 12-15, inclusive, WINDY COVE, a subdivision in Travis County, Texas, according to the map or plat thereof, recorded in Volume 28, Page 41, Plat Records, Travis County, Texas.**

   **TRACT 2: Being all of that certain tract of land containing 0.14 acre of land, more or less, situated in the THOMAS GRAY SURVEY NO. 2, Travis County, Texas; being a portion of Lot 11, WINDY COVE, according to the map or plat thereof, recorded in Volume 28, Page 41, Plat Records, Travis County, Texas. Said tract of 0.14 acre of land being more particularly described by metes and bounds description shown in EXHIBIT "A" attached hereto and made a part hereof.**

   **TRACT 3: Being all of that certain tract of land containing 0.85 acre of land, more or less, situated in the THOMAS GRAY SURVEY NO. 2, Travis County, Texas. Said tract of 0.85 acre of land being more particularly described by metes and bounds description shown in EXHIBIT "B" attached hereto and made a part hereof.**

   **The Company is prohibited from insuring the area or quantity of the land described herein.  Therefore, the Company does not represent that the acreage or square footage calculations are correct and references to the quantity are for informational purposes only.**

EXHIBIT A - Page 1

EXHIBIT A-5 - Page 7

TLTA T1 OWNER'S POLICY (Rev. 2/1/10)

# OWNER'S POLICY OF TITLE INSURANCE
Issued by
## *Chicago Title Insurance Company*
### SCHEDULE B

File No.: **1317811-CES**                                          Policy No.: **7239843-41105548**

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) that arise by reason of the terms and conditions of leases and easements, if any, shown in Schedule A, and the following matters:

1.   The following restrictive covenants of record itemized below (the Company must either insert specific recording data or delete this exception):

   **Volume 28, Page 41, Plat Records, Volume 1544, Page 374, Deed Records, Volume 12630, Page 1668, Real Property Records, Travis County, Texas, but omitting any covenant or restriction based on race, color, religion, sex, disability, handicap, familial status or national origin.**

2.   ~~Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.~~

3.   Homestead or community property or survivorship rights, if any, of any spouse of any Insured.

4.   Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities,

   a.   to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or

   b.   to lands beyond the line of harbor or bulkhead lines as established or changed by any government, or

   c.   to filled-in lands, or artificial islands, or

   d.   to statutory water rights, including riparian rights, or

   e.   to the area extending from the line of mean low tide to the line of vegetation, or the right of access to that area or easement along and across that area.

5.   Standby fees, taxes and assessments by any taxing authority for the year **2013**, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, *Texas Tax Code*, or because of improvements not assessed for a previous tax year.

6. .   The following matters and all terms of the documents creating or offering evidence of the matters (The Company must insert matters or delete this exception.):

   a.   **Any and all easements, building lines and conditions, covenants and restrictions as set forth in Plat recorded**

FORM T-1:  Owner's Policy of Title Insurance                                          Page 2

EXHIBIT A - Page 2

EXHIBIT A-5 - Page 8

Continuation of Schedule B                                              Policy No.  7239843-41105548

in Volume 28, Page 41, Plat Records, Travis County, Texas.

b.      Building setback lines as set forth in instrument recorded in Volume 1544, Page 374, Deed Records, Travis
        County, Texas.

c.      Easement as shown on the plat and dedication set out in Schedule A hereof:
        Purpose:        Drainage and Boat Channel
        Location:       40 feet in width across the rear of Lot 11 (Tract 2)

d.      Terms, Conditions, and Stipulations in the Agreement:
        Recorded:       Volume 13121, Page 2473, Real Property Records, Travis County, Texas.
        Parties: Jay Frank and Eleanor Powell and Paul D. Agarwal and wife, Ayn Gaisford Agarwal
        Type:           Easement Agreement

e.      Terms, Conditions, and Stipulations in the Agreement:
        Recorded:       Volume 4762, Page 1957, Deed Records, Travis County, Texas.
        Type:           Boundary Line Agreement

f.      Terms, Conditions, and Stipulations in the Agreement by and between:
        Recorded:       Volume 13157, Page 2545, Real Property Records, Travis County, Texas.
        Parties:        Capital Commercial Development, Inc., Paul D. Agarwal and Ayn Gaisford Agarwal
        and Chistopher M. Finke and Melanie A. Finke
        Type:           Easement Agreement

g.      Terms, Conditions, and Stipulations in the Affidavit:
        Recorded:       Volume 12887, Page 190, Real Property Records, Travis County, Texas.
        Type:           septic tank system or private sewage facility

h.      The Company shall have no liability for, nor responsibility to defend, any part of the property described
        herein against:
        (a) All right, title or claim or any character by the United States, State of Texas, local government or by the
        public generally in and to any portion of the land lying within the current or former bed, or below the
        ordinary high water mark, or between the cut banks of a stream navigable in fact or in law.
        (b) Right of riparian water rights owners to the use and flow of the water.
        (c) The consequence of any past of future change in the location of the bed.

i.      Any and all portion of the subject property lying within the boundaries of a public or private roadway.

j.      Rights of Parties in Possession.

k.      Rights of tenants, as tenants only, under any and all unrecorded leases or rental agreements.

l.      Matters reflected on survey prepared by J.T. Thompson, RPLS No. 4604, dated 7/17/2013:

        1.      Encroachment or protrusion of two-story residence onto or over 10' building line. ( as to Tract 1 )

        2.      Encroachment or protrusion of one-story stucco pumphouse onto or over 7.5' water line easement. (
        as to Tract 2 )

EXHIBIT A - Page 3

EXHIBIT A-5 - Page 9

Continuation of Schedule B                                    Policy No.  **7239843-41105548**

3.      Any claim, right, or assertion of title by the adjoining land owner in and to that strip of land located between the property line and the fence(s).

Countersigned
**Independence Title Company**

By_____
      Authorized Signatory

**FORM T-1:  Owner's Policy of Title Insurance**                            **Page 4**

EXHIBIT A - Page 4

EXHIBIT A-5 - Page 10

G.F. No. **1317811-CES**

**Chicago Title Insurance Company**

| | |
|---|---|
| **IMPORTANT NOTICE** | **AVISO IMPORTANTE** |
| To obtain information or make a complaint: | Para obtener informacion o para someter una queja: |
| 1 You may contact your Title Insurance Company at **1-800-442-4303.** | 1 Puede comunicarse con su Compañía De Seguros De Título al **1-800-442-4303**. |
| 2 You may call Your Title Insurance Company's toll-free telephone number for information or to make a complaint at: | 2 Usted puede llamar al numero de telefono gratis de Compañía De Seguros De Título para informacion o para someter una queja al: |
| **1-800-442-4303** | **1-800-442-4303** |
| 3 You may also write to the Title Insurance Company at: | 3 Usted tambien puede escribir a Compañía De Seguros De Título |
| **2001 Bryan Street, Suite 1700** <br> **Dallas, Texas 75201** | **2001 Bryan Street, Suite 1700** <br> **Dallas, Texas 75201** |
| 4 You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at: | 4 Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al: |
| **1-800-252-3439** | **1-800-252-3439** |
| 5 You may write the Texas Department of Insurance: | 5 Puede escribir al Departamento de Seguros de Texas: |
| P.O. Box 149104 <br> Austin, TX 78714-9104 <br> Fax: (512) 475-1771 <br> Web: http://www.tdi.state.tx.us <br> E-mail: ConsumerProtection@tdi.state.tx.us | P.O. Box 149104 <br> Austin, TX 78714-9104 <br> Fax: (512) 475-1771 <br> Web: http://www.tdi.state.tx.us <br> E-mail: ConsumerProtection@tdi.state.tx.us |

**7  PREMIUM OR CLAIM DISPUTES:**
Should you have a dispute concerning your premium or about a claim you should contact the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**8  ATTACH THIS NOTICE TO YOUR POLICY:**
This notice is for information only and does not become a part or condition of the attached document.

**7  DISPUTAS SOBRE PRIMAS O RECLAMOS:**
Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el la compania) primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**8  UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

EXHIBIT A - Page 5

EXHIBIT A-5 - Page 11

 **CHICAGO TITLE INSURANCE COMPANY**

Policy No.: **7239843-41105548**

## OWNER'S POLICY OF TITLE INSURANCE (T-1)
Issued by
### CHICAGO TITLE INSURANCE COMPANY

**Any notice of claim and any other notice or statement in writing required to be given the Company under this Policy must be given to the Company at the address shown in Section 18 of the Conditions.**

### COVERED RISKS

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS, CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation (the "Company") insures, as of Date of Policy and, to the extent stated in Covered Risks 9 and 10, after Date of Policy, against loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of:

1. Title being vested other than as stated in Schedule A.
2. Any defect in or lien or encumbrance on the Title. This Covered Risk includes but is not limited to insurance against loss from:
    (a) A defect in the Title caused by:
        (i) forgery, fraud, undue influence, duress, incompetency, incapacity or impersonation;
        (ii) failure of any person or Entity to have authorized a transfer or conveyance;
        (iii) a document affecting Title not properly created, executed, witnessed, sealed, acknowledged, notarized or delivered;
        (iv) failure to perform those acts necessary to create a document by electronic means authorized by law;
        (v) a document executed under a falsified, expired or otherwise invalid power of attorney;
        (vi) a document not properly filed, recorded or indexed in the Public Records including failure to perform those acts by electronic means authorized by law; or
        (vii) a defective judicial or administrative proceeding.
    (b) The lien of real estate taxes or assessments imposed on the Title by a governmental authority due or payable, but unpaid.
    (c) Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land. The term "encroachment" includes encroachments of existing improvements located on the Land onto adjoining land, and encroachments onto the Land of existing improvements located on adjoining land.
    (d) Any statutory or constitutional mechanic's, contractor's, or materialman's lien for labor or materials having its inception on or before Date of Policy.
3. Lack of good and indefeasible Title.
4. No right of access to and from the Land.
5. The violation or enforcement of any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting or relating to:
    (a) the occupancy, use or enjoyment of the Land;
    (b) the character, dimensions or location of any improvement erected on the Land;
    (c) subdivision of land; or
    (d) environmental protection
    if a notice, describing any part of the Land, is recorded in the Public Records setting forth the violation or intention to enforce, but only to the extent of the violation or enforcement referred to in that notice.
6. An enforcement action based on the exercise of a governmental police power not covered by Covered Risk 5 if a notice of the enforcement action, describing any part of the Land, is recorded in the Public Records, but only to the extent of the enforcement referred to in that notice.
7. The exercise of the rights of eminent domain if a notice of the exercise, describing any part of the Land, is recorded in the Public Records.
8. Any taking by a governmental body that has occurred and is binding on the rights of a purchaser for value without Knowledge.
9. Title being vested other than as stated in Schedule A or being defective:
    (a) as a result of the avoidance in whole or in part, or from a court order providing an alternative remedy, of a transfer of all or any part of the title to or any interest in the Land occurring prior to the transaction vesting Title as shown in Schedule A because that prior transfer constituted a fraudulent or preferential transfer under federal bankruptcy, state insolvency or similar creditors' rights laws; or
    (b) because the instrument of transfer vesting Title as shown in Schedule A constitutes a preferential transfer under federal bankruptcy, state insolvency or similar creditors' rights laws by reason of the failure of its recording in the Public Records:

EXHIBIT A - Page 6

EXHIBIT A-5 - Page 12

     (i)  to be timely, or

     (ii)  to impart notice of its existence to a purchaser for value or a judgment or lien creditor.

10.  Any defect in or lien or encumbrance on the Title or other matter included in Covered Risks 1 through 9 that has been created or attached or has been filed or recorded in the Public Records subsequent to Date of Policy and prior to the recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of any matter insured against by this Policy, but only to the extent provided in the Conditions.

CHICAGO TITLE INSURANCE COMPANY

By:

_____
Authorized Signatory

ATTEST

President

Secretary

EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses that arise by reason of:

1.   (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting or relating to:

7239843 (2/10)                                        Owner's Policy of Title Insurance  T-1 (2/01/10)

EXHIBIT A - Page 7

EXHIBIT A-5 - Page 13

(i)   the occupancy, use, or enjoyment of the Land;
(ii)   the character, dimensions or location of any improvement erected on the Land;
(iii)   subdivision of land; or
(iv)   environmental protection;
or the effect of any violation of these laws, ordinances or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b)   Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims or other matters:
   (a)   created, suffered, assumed or agreed to by the Insured Claimant;
   (b)   not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c)   resulting in no loss or damage to the Insured Claimant;
   (d)   attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
   (e)   resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.   Any claim by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws that the transaction vesting the Title as shown in Schedule A is:
   (a)   a fraudulent conveyance or fraudulent transfer; or
   (b)   a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.
6.   The refusal of any person to purchase, lease or lend money on the estate or interest covered hereby in the land described in Schedule A because of Unmarketable Title.

## CONDITIONS

**1.   DEFINITION OF TERMS.**
The following terms when used in this policy mean:
   (a)   "Amount of Insurance": the amount stated in Schedule A, as may be increased or decreased by endorsement to this policy, increased by Section 8(b), or de- creased by Sections 10 and 11 of these Conditions.
   (b)   "Date of Policy": The date designated as "Date of Policy" in Schedule A.
   (c)   "Entity": A corporation, partnership, trust, limited liability company or other similar legal entity.
   (d)   "Insured": the Insured named in Schedule A.
      (i)   The term "Insured" also includes:
        (A)   successors to the Title of the Insured by operation of law as distinguished from purchase, including heirs, devisees, survivors, personal representatives or next of kin;
        (B)   successors to an Insured by dissolution, merger, consolidation, distribution or reorganization;
        (C)   successors to an Insured by its conversion to another kind of Entity;
        (D)   a grantee of an Insured under a deed delivered without payment of actual valuable consideration conveying the Title:
          (1)   If the stock, shares, memberships, or other equity interests of the grantee are wholly-owned by the named Insured,
          (2)   If the grantee wholly owns the named Insured,
          (3)   If the grantee is wholly-owned by an affiliated Entity of the named Insured, provided the affiliated Entity and the named Insured are both wholly-owned by the same person or Entity, or
          (4)   If the grantee is a trustee or beneficiary of a trust created by a written instrument established by the Insured named
in Schedule A for estate planning purposes.
      (ii)   With regard to (A), (B), (C) and (D) reserving, however, all rights and defenses as to any successor that the Company would have had against any predecessor Insured.
   (e)   "Insured Claimant": an Insured claiming loss or damage.
   (f)   "Knowledge" or "Known": actual knowledge, not constructive knowledge or notice that may be imputed to an Insured by reason of the Public Records or any other records that impart constructive notice of matters affecting the Title.
   (g)   "Land": the land described in Schedule A, and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but this does not modify or limit the extent that a right of access to and from the Land is insured by this policy.
   (h)   "Mortgage": mortgage, deed of trust, trust deed, or other security instrument, including one evidenced by electronic means authorized by law.
   (i)   "Public Records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge. With respect to Covered Risk 5(d), "Public Records" shall also include environmental protection liens filed in the records of the

clerk of the United States District Court for the district where the Land is located.
   (j)   "Title": the estate or interest described in Schedule A.
   (k)   "Unmarketable Title": Title affected by an alleged or apparent matter that would permit a prospective purchaser or lessee of the Title or lender on the Title to be released from the obligation to purchase, lease or lend if there is a contractual condition requiring the delivery of marketable title.

**2.   CONTINUATION OF INSURANCE.**
The coverage of this policy shall continue in force as of Date of Policy in favor of an Insured, but only so long as the Insured retains an estate or interest in the Land, or holds an obligation secured by a purchase money Mortgage given by a purchaser from the Insured, or only so long as the Insured shall have liability by reason of warranties in any transfer or conveyance of the Title. This policy shall not continue in force in favor of any purchaser from the Insured of either (i) an estate or interest in the Land, or (ii) an obligation secured by a purchase money Mortgage given to the Insured.

**3.   NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.**
The Insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 5(a) below, or (ii) in case Knowledge shall come to an Insured hereunder of any claim of title or interest that is adverse to the Title, as insured, and that might cause loss or damage for which the Company may be liable by virtue of this policy. If the Company is prejudiced by the failure of the Insured Claimant to provide prompt notice, the Company's liability to the Insured Claimant under the policy shall be reduced to the extent of the prejudice.
When, after the Date of the Policy, the Insured notifies the Company as required herein of a lien, encumbrance, adverse claim or other defect in Title insured by this policy that is not excluded or excepted from the coverage of this policy, the Company shall promptly investigate the charge to determine whether the lien, encumbrance, adverse claim or defect or other matter is valid and not barred by law or statute. The Company shall notify the Insured in writing, within a reasonable time, of its determination as to the validity or invalidity of the Insured's claim or charge under the policy. If the Company concludes that the lien, encumbrance, adverse claim or defect is not covered by this policy, or was otherwise addressed in the closing of the transaction in connection with which this policy was issued, the Company shall specifically advise the Insured of the reasons for its determination. If the Company concludes that the lien, encumbrance, adverse claim or defect is valid, the Company shall take one of the following actions: (i) institute the necessary proceedings to clear the lien, encumbrance, adverse claim or defect from the Title as insured; (ii) indemnify the Insured as provided in this policy; (iii) upon payment of appropriate premium and charges therefor, issue to the Insured Claimant or to a subsequent owner, mortgagee or holder of the estate or interest in the Land insured by this policy, a policy of title insurance without exception for the lien, encumbrance, adverse claim or defect, said policy to be in an amount equal to the current value of the Land or, if a loan policy, the amount of the loan; (iv) indemnify another title insurance company in connection with its issuance of a policy(ies) of title insurance without exception for the lien, encumbrance, adverse claim or defect; (v) secure a release or other document discharging the lien, encumbrance, adverse claim or defect; or (vi) undertake a combination of (i) through (v) herein.

        

**4. PROOF OF LOSS.**

In the event the Company is unable to determine the amount of loss or damage, the Company may, at its option, require as a condition of payment that the Insured Claimant furnish a signed proof of loss. The proof of loss must describe the defect, lien, encumbrance or other matter insured against by this policy that constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage.

**5. DEFENSE AND PROSECUTION OF ACTIONS.**

    (a)    Upon written request by the Insured, and subject to the options contained in Sections 3 and 7 of these Conditions, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an Insured in litigation in which any third party asserts a claim covered by this policy adverse to the Insured. This obligation is limited to only those stated causes of action alleging matters insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the Insured to object for reasonable cause) to represent the Insured as to those stated causes of action. It shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the Insured in the defense of those causes of action that allege matters not insured against by this policy.

    (b)    The Company shall have the right, in addition to the options contained in Sections 3 and 7, at its own cost, to institute and prosecute any action or proceeding or to do any other act that in its opinion may be necessary or desirable to establish the Title, as insured, or to prevent or reduce loss or damage to the Insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable to the Insured. The exercise of these rights shall not be an admission of liability or waiver of any provision of this policy. If the Company exercises its rights under this subsection, it must do so diligently.

    (c)    Whenever the Company brings an action or asserts a defense as required or permitted by this policy, the Company may pursue the litigation to a final determination by a court of competent jurisdiction and it expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

**6. DUTY OF INSURED CLAIMANT TO COOPERATE.**

    (a)    In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding and any appeals, the Insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, including the right to use, at its option, the name of the Insured for this purpose. Whenever requested by the Company, the Insured, at the Company's expense, shall give the Company all reasonable aid (i) in securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act that in the opinion of the Company may be necessary or desirable to establish the Title or any other matter as insured. If the Company is prejudiced by the failure of the Insured to furnish the required cooperation, the Company's obligations to the Insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

    (b)    The Company may reasonably require the Insured Claimant to submit to examination under oath by any authorized representative of the Company and to produce for examination, inspection and copying, at such reasonable times and places as may be designated by the authorized representative of the Company, all records, in whatever medium maintained, including books, ledgers, checks, memoranda, correspondence, reports, emails, disks, tapes, and videos whether bearing a date before or after Date of Policy, that reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Insured Claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all of these records in the custody or control of a third party that reasonably pertain to the loss or damage. All information designated as confidential by the Insured Claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of this policy. Failure of the Insured Claimant to submit for examination under oath, produce any reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this subsection, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

**7. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.**

In case of a claim under this policy, the Company shall have the following

additional options:

    (a)    To Pay or Tender Payment of the Amount of Insurance.

        To pay or tender payment of the Amount of Insurance under this policy together with any costs, attorneys' fees and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment or tender of payment and that the Company is obligated to pay.

Upon the exercise by the Company of this option, all liability and obligations of the Company to the Insured under this policy, other than to make the payment required in this subsection, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation.

    (b)    To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

        (i)    to pay or otherwise settle with other parties for or in the name of an Insured Claimant any claim insured against under this policy. In addition, the Company will pay any costs, attorneys' fees and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment and that the Company is obligated to pay; or

        (ii)    to pay or otherwise settle with the Insured Claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the Insured Claimant that were authorized by the Company up to the time of payment and that the Company is obligated to pay.

    Upon the exercise by the Company of either of the options provided for in subsections (b)(i) or (ii), the Company's obligations to the Insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**8. DETERMINATION AND EXTENT OF LIABILITY.**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy.

    (a)    The extent of liability of the Company for loss or damage under this policy shall not exceed the lesser of:

        (i)    the Amount of Insurance; or

        (ii)    the difference between the value of the Title as insured and the value of the Title subject to the risk insured against by this policy.

    (b)    If the Company pursues its rights under Section 3 or 5 and is unsuccessful in establishing the Title, as insured:

        (i)    the Amount of Insurance shall be increased by 10%, and

        (ii)    the Insured Claimant shall have the right to have the loss or damage determined either as of the date the claim was made by the Insured Claimant or as of the date it is settled and paid.

    (c)    In addition to the extent of liability under (a) and (b), the Company will also pay those costs, attorneys' fees and expenses incurred in accordance with Sections 5 and 7 of these Conditions.

**9. LIMITATION OF LIABILITY.**

    (a)    If the Company establishes the Title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the Land, all as insured, or takes action in accordance with Section 3 or 7, in a reasonably diligent manner by any method, including litigation and the completion of any appeals, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused to the Insured.

    (b)    In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title, as insured.

    (c)    The Company shall not be liable for loss or damage to the Insured for liability voluntarily assumed by the Insured in settling any claim or suit without the prior written consent of the Company.

**10. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.**

All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the Amount of Insurance by the amount of the payment.

**11. LIABILITY NONCUMULATIVE.**

The Amount of Insurance shall be reduced by any amount the Company pays under any policy insuring a Mortgage to which exception is taken in Schedule B or to which the Insured has agreed, assumed, or taken subject or which is executed by an Insured after Date of Policy and which is a charge or lien on the Title, and the amount so paid shall be deemed a payment to the Insured under this policy.

**12. PAYMENT OF LOSS.**

When liability and the extent of loss or damage have been definitely fixed in accordance with these Conditions, the payment shall be made within 30 days.

7239843 (2/10)

Owner's Policy of Title Insurance  T-1 (2/01/10)

**13.   RIGHTS OF RECOVERY UPON PAYMENT OR SETTLEMENT.**

(a)   Whenever the Company shall have settled and paid a claim under this policy, it shall be subrogated and entitled to the rights of the Insured Claimant in the Title and all other rights and remedies in respect to the claim that the Insured Claimant has against any person or property, to the extent of the amount of any loss, costs, attorneys' fees and expenses paid by the Company. If requested by the Company, the Insured Claimant shall execute documents to evidence the transfer to the Company of these rights and remedies. The Insured Claimant shall permit the Company to sue, compromise or settle in the name of the Insured Claimant and to use the name of the Insured Claimant in any transaction or litigation involving these rights and remedies. If a payment on account of a claim does not fully cover the loss of the Insured Claimant, the Company shall defer the exercise of its right to recover until after the Insured Claimant shall have recovered its loss.

(b)   The Company's right of subrogation includes the rights of the Insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments that address subrogation rights.

**14.   ARBITRATION.**

Either the Company or the Insured may demand that the claim or controversy shall be submitted to arbitration pursuant to the Title Insurance Arbitration Rules of the American Land Title Association ("Rules"). Except as provided in the Rules, there shall be no joinder or consolidation with claims or controversies of other persons. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Insured arising out of or relating to this policy, any service in connection with its issuance or the breach of a policy provision, or to any other controversy or claim arising out of the transaction giving rise to this policy. All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured, unless the Insured is an individual person (as distinguished from an Entity). All arbitrable matters when the Amount of Insurance is in excess of $2,000,000 shall be arbitrated only when agreed to by both the Company and the Insured. Arbitration pursuant to this policy and under the Rules shall be binding upon the parties. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court of competent jurisdiction.

**15.   LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.**

(a)   This policy together with all endorsements, if any, attached to it by the Company is the entire policy and contract between the Insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b)   Any claim of loss or damage that arises out of the status of the Title or by any action asserting such claim, shall be restricted to this policy.

(c)   Any amendment of or endorsement to this policy must be in writing and authenticated by an authorized person, or expressly incorporated by Schedule A of this policy.

(d)   Each endorsement to this policy issued at any time is made a part of this policy and is subject to all of its terms and provisions. Except as the endorsement expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsement, (iii) extend the Date of Policy or (iv) increase the Amount of Insurance. Each Commitment, endorsement or other form, or provision in the Schedules to this policy that refers to a term defined in Section 1 of the Conditions shall be deemed to refer to the term regardless of whether the term is capitalized in the Commitment, endorsement or other form, or Schedule.

Each Commitment, endorsement or other form, or provision in the Schedules that refers to the Conditions and Stipulations shall be deemed to refer to the Conditions of this policy.

**16.   SEVERABILITY.**

In the event any provision of this policy, in whole or in part, is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision or such part held to be invalid and all other provisions shall remain in full force and effect.

**17.   CHOICE OF LAW; FORUM.**

(a)   Choice of Law: The Insured acknowledges the Company has underwritten the risks covered by this policy and determined the premium charged therefor in reliance upon the law affecting interests in real property and applicable to the interpretation, rights, remedies or enforcement of policies of title insurance of the jurisdiction where the Land is located. Therefore, the court or an arbitrator shall apply the law of the jurisdiction where the Land is located to determine the validity of claims against the Title that are adverse to the Insured, and in interpreting and enforcing the terms of this policy. In neither case shall the court or arbitrator apply its conflicts of laws principles to determine the applicable law.

(b)   Choice of Forum: Any litigation or other proceeding brought by the Insured against the Company must be filed only in a state or federal court within the United States of America or its territories having appropriate jurisdiction.

**18.   NOTICES, WHERE SENT.**

Any notice of claim and any other notice or statement in writing required to be given the Company under this Policy must be given to the Company at National Claims Administration, P.O. Box 45023, Jacksonville, Florida 32232-5023.

Owner's Policy of Title Insurance  T-1 (2/01/10)

EXHIBIT A - Page 10

EXHIBIT A-5 - Page 16

2/26/2016 5:50:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-000854
Patricia Winkler

NO. D-1-GN-16-000854

| | | |
|---|---|---|
| KEN KALINOSKI, TRUSTEE OF THE | § | |
| 4646 ROCKCLIFF ROAD LAND | § | IN THE DISTRICT COURT |
| TRUST, | § | |
|   Plaintiff | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| CHICAGO TITLE INSURANCE CO., | § | 201ST |
|   Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Ken Kalinoski, as Trustee of the 4646 Rockcliff Road Land Trust, ("Plaintiff") complaining of Defendant Chicago Title Insurance Company (hereinafter referred to as "Defendant"), and would show unto the Court the following:

### I.
### DISCOVERY CONTROL ACTION PLAN

1.  Plaintiff intends that discovery be conducted pursuant to Level 2 of the Texas Rules of Civil Procedure.  The amount in controversy in this case exceeds $100,000.00.

### II.
### PARTIES AND SERVICE

2.  Plaintiff Ken Kalinoski, Trustee of the 4646 Rockcliff Road Land Trust is an individual residing in Travis County, Texas and the Trust is a family trust whose address is 4646 Rockcliff Road in Austin, Texas, 78746.

3.  Defendant is a domestic title insurance company which does business in Travis County, Texas, and may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## VENUE AND JURISDICTION

4.     Venue is proper in Travis County, Texas pursuant to Section 15.002 of the Texas

Civil Practice & Remedies Code because all or a substantial part of the events giving rise to

Plaintiff's causes of action occurred in Travis County, Texas, and further the real property at issue is

located in Travis County.

5.     This Court has proper jurisdiction because the subject matter in controversy is within

the jurisdictional limits of this Court and all parties are residents of the State of Texas.

## IV.
## FACTS

6.     In 2013 the Plaintiff purchased 4646 Rockcliff Road, Austin, Texas 78746, which

includes a portion of Lot 11, Windy Cove subdivision ("Property"). Defendant closed the sale

transaction, in connection with which it sold Plaintiff an Owner's Policy of Title Insurance,

Policy #7239843-4110548 (the "Policy"). Pursuant to the terms of the Policy, Defendant insured

Plaintiff's title to the Property.

7.     In 2015, Jay and Eleanor Powell, owners of the property directly adjacent to the

Property, filed suit against the Plaintiff in Travis County District Court, Cause No. D-1-GN-002967

(hereinafter referred to as the "Underlying Litigation") claiming that they own a portion of the

Property, and that the Plaintiff's fence and other boundary markers were incorrect and were in fact

located on the Powells' property. The Powells' claims are without merit, but are creating a title

cloud on the Property.

8.     Plaintiff properly and promptly notified the Defendant of the Underlying Litigation,

filed a claim under the Policy, and requested that the Defendant fulfill its obligations under the

Policy to assume the defense of Plaintiff in the Underlying Litigation.

2

EXHIBIT B - Page 2

EXHIBIT A-5 - Page 18

9.      Initially, Defendant agreed to defend only the "boundary line dispute" concerning the accuracy of Plaintiff's survey, and then hired counsel to represent Plaintiff's interest.   Defendant then imposed upon the counsel it retained such severe restrictions that they were not able to properly move the case forward, and Plaintiff was required to retain separate counsel to represent it.   Finally, after several demands made upon Defendant, the lawyers hired by Defendant were allowed to notice the Powells for deposition.   Shortly after the depositions were requested and the dates circulated, Defendant summarily decided that the boundary line claim was no longer a live claim, that it had no duty to cover the remaining claims asserted and so ordered the retained counsel to withdraw.

10.     Defendant has now officially refused to participate in the Plaintiff's defense of the Underlying Litigation in any manner, leaving Plaintiff to fund its own defense of what it believes to be groundless challenges to its Property.   As a result of the Defendant's deliberate and improper actions, Plaintiff has suffered and continues to suffer monetary damages.

## V.
## BREACH OF CONTRACT

11.     Defendant and Plaintiff are parties to a title insurance contract, which sets forth the obligations of Defendant to provide a defense to Plaintiff in the event of a challenge to its title. Plaintiff has performed all actions required of it under the Policy. Defendant has breached its duties under the Policy, including its duty to defend; such breach has resulted in Plaintiff's damages, including but not limited to, actual damages, costs, pre-judgment interest, post-judgment interest, and attorney fees.

3

EXHIBIT B - Page 3

EXHIBIT A-5 - Page 19

## VII.
## VIOLATIONS OF TEXAS INSURANCE CODE
## CHAPTER 541/BAD FAITH CLAIMS HANDLING

12.    Upon receiving notice of the Underlying Litigation, coverage for one or more of the claims asserted in the Underlying Litigation had become reasonably clear.   Despite its clear obligations to the contrary and without any reasonable basis, Defendant has denied coverage of Plaintiff's claim.  As detailed above, Defendant knowingly engaged in unfair acts and practices that include but are not limited to, violating Chapter 541 of the Texas Insurance Code, including 541.060.

As a direct consequence of Defendant's actions, Plaintiff suffered actual damages.  Additionally, Plaintiff seeks exemplary damages and statutory damages,   pre-judgment interest, post-judgment interest, court costs, and attorney fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff against Defendant for actual, statutory and punitive damages in an amount within the jurisdictional limits of the Court as pled herein, together with pre-judgment interest at the legal rate, post-judgment interest at the legal rate, attorneys fees, costs of court and such other and further relief to which Plaintiff may be entitled at law or in equity.

4

Respectfully submitted,

Molly Mitchell
State Bar No. 14217815
mollym@abdmlaw.com
ALMANZA, BLACKBURN, DICKIE & MITCHELL, LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, Texas 78746
(512) 474-9486
(512) 478-7151 – Fax

**ATTORNEYS FOR PLAINTIFF**

5

| | | | |
|---|---|---|---|
| 02/26/2016 | PET-PL | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION |
| 03/14/2016 | SRVPROCESS | EXECUTED SERVICE | CITATION - CHICAGO TITLE INSURANCE COMPANY |
| 03/28/2016 | ANS-RESP | ANSWER & ADDITIONAL PLEADING | DEFENDANT CHICAGO TITLE INSURANCE CO.'S ORIGINAL ANSWER AND  COUNTERCLAIM |

EXHIBIT A-6